# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

CEASAR ASHLEY,

    Appellant,

   v.

DEPARTMENT OF VETERANS
  AFFAIRS,

    Agency.

DOCKET NUMBER
NY-0752-14-0365-I-1

DATE: April 3, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>William Davis</u>, Montrose, New York, for the appellant.

<u>Erin Conroy</u>, Esquire, Brooklyn, New York, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1  The appellant has filed a petition for review of the initial decision, which dismissed his removal appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to address the appellant's argument that he did not receive consideration for signing a last chance agreement (LCA), we AFFIRM the initial decision.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2    The appellant was employed by the agency as a Motor Vehicle Operator. Initial Appeal File (IAF), Tab 4 at 14. He was issued a proposed removal letter from his position for unauthorized absence, failure to follow proper leave requesting procedures, and being on duty under the influence of a drug. *Id.* at 27. However, the parties entered into an LCA wherein the agency agreed to hold his removal in abeyance. *Id.* at 24-26. Pursuant to the LCA, the appellant agreed that he would be subjected to random drug testing for a 2-year period. *Id.* at 24. Further, he agreed that if he refused to submit to such testing, or such testing revealed that he was under the influence of drugs, he would be removed from federal service. *Id.* Approximately 1 year after he entered into the LCA, the appellant underwent a drug test and tested positive for cocaine. *Id.* at 19-21. The appellant does not dispute that he tested positive for cocaine. *See* IAF, Tab

11 at 3. He was removed from the agency, effective August 18, 2014, due to a breach of the LCA.[2] IAF, Tab 4 at 17.

¶3 The appellant filed this appeal challenging the agency's decision to remove him, arguing that he entered into the LCA not knowing or fully understanding the agreement. IAF, Tab 1 at 6. The administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction, without holding the requested hearing. IAF, Tab 12, Initial Decision (ID) at 2, 4. The appellant filed a petition for review.[3] Petition for Review (PFR) File, Tab 1. The agency has responded to the appellant's petition for review. PFR File, Tab 3.

The Board lacks jurisdiction over the appellant's removal because it was issued pursuant to an enforceable LCA.

¶4 The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). The Board lacks jurisdiction over an action taken pursuant to an LCA in which the appellant waives his Board appeal rights. *Smith v. Department of the Interior*, 113 M.S.P.R. 592, ¶ 6 (2010). To establish that a waiver of appeal rights in an LCA is unenforceable, the appellant must show that: (1) he complied with the LCA; (2) the agency

---

[2] In the initial decision, the administrative judge stated that the appellant was removed on August 18, 2013. Initial Appeal File (IAF), Tab 12, Initial Decision (ID) at 2. This typographical error does not warrant review of the initial decision. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

[3] Below and on petition for review, the appellant's representative alleges that the agency issued a 14-day suspension to him in reprisal for his participation in the appeal. Petition for Review (PFR) File, Tab 1 at 8; IAF, Tab 10 at 6. He indicated on review that his case was pending with the Office of Special Counsel (OSC) and the Board. PFR File, Tab 1 at 8. To the extent that the representative is referring to *Davis v. Department of Veterans* Affairs, MSPB Docket NY-1221-15-0027-W-2, we will not address this matter because the administrative judge has not yet issued an initial decision in that case. See *Santos v. Department of Transportation*, 48 M.S.P.R. 579, 581 (1991) (finding that the appellant's petition for review, filed before the administrative judge issued an initial decision, was premature).

materially breached the LCA or acted in bad faith; (3) he did not voluntarily enter into the LCA; or (4) the LCA was the result of fraud or mutual mistake. *Id.*

¶5    An LCA is a settlement agreement, which is a contract. *Black v. Department of Transportation*, 116 M.S.P.R. 87, ¶ 16 (2011). In construing the terms of a settlement agreement, the Board looks to the words of the agreement itself, which are of paramount importance, and assigns them their ordinary meaning unless the parties intended otherwise. *Smith*, 113 M.S.P.R. 592, ¶ 8. The plain meaning of a settlement agreement's terms control. *Id.*

¶6    The administrative judge found that the appellant did not comply with the LCA and thus waived his Board appeal rights. ID at 3-4. We agree on both counts.

¶7    The appellant entered into the LCA in August 2013 and tested positive for cocaine in July 2014, which was within the time period covered by the LCA. IAF, Tab 5 at 21-22, 24, 26. Because he tested positive for cocaine, he was not compliant with the LCA. *Id.* at 24.

¶8    For the first time on review, the appellant argues that he did not test positive for cocaine for a year, and therefore removal is too severe a penalty. PFR File, Tab 1 at 6. The Board will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). The appellant has not demonstrated such diligence here. Nonetheless, even if we were to consider this argument, we would not find it persuasive because the appellant does not dispute that he tested positive for cocaine within the 2-year time period covered by the LCA.

¶9    The agency acted in accord with the LCA and thus its removal of the appellant was not in bad faith. *See Lizzio v. Department of the Army*, 110 M.S.P.R. 442, ¶ 18 (2009), *aff'd*, 374 F. App'x. 973 (Fed. Cir. 2010). Further, the appellant and his union representative signed the LCA. IAF, Tab 4 at

26. By signing the LCA, the appellant acknowledged that he understood the agreement and was signing it without reservation, duress, or coercion. *See id.* at 24-26. The Board does not have jurisdiction over an action taken pursuant to an LCA in which an appellant waives his right to appeal to the Board, such as in the instant case.[4] *See Merriweather v. Department of Transportation*, 64 M.S.P.R. 365, 375 (1994), *aff'd*, 56 F.3d 83 (Fed. Cir. 1995) (Table).

¶10    Below and on petition for review, the appellant argues that he did not know or fully understand the terms of the LCA. PFR File, Tab 1 at 3; IAF, Tab 1 at 6. In addition, he argues that he signed the LCA under duress and that if he had not signed the LCA he would have been removed. PFR File, Tab 1 at 3; IAF, Tab 1 at 6. The administrative judge found that the appellant did not establish that the LCA was unenforceable. ID at 3-4. We again agree.

¶11    A party challenging the validity of a settlement agreement bears a heavy burden of showing a basis for invalidation. *Bahrke v. U.S. Postal Service*, 98 M.S.P.R. 513, ¶ 11 (2005). An appellant may show that an LCA is invalid, and therefore that the Board has jurisdiction over his appeal, by establishing that the agreement is unlawful, was involuntary, or was the result of fraud or mutual mistake. *Vasquez v. U.S. Postal Service*, 65 M.S.P.R. 128, 131 (1994).

¶12    To establish that a settlement agreement was fraudulent as a result of coercion or duress, a party must prove that he involuntarily accepted the other party's terms, that circumstances permitted no alternative, and that such circumstances were the result of the other party's coercive acts.

---

[4] The appellant argues on review that the LCA was the result of bad faith by the agency and that the agency should have issued progressive discipline instead of removal and provided him with the opportunity to file a grievance or appeal the removal. PFR File, Tab 1 at 4-5. Below, the appellant argued that he was "not cognizant in the manner to waive his just cause and progressive discipline protections under the terms of the [collective bargaining agreement]." IAF, Tab 11 at 4. However, the LCA clearly indicates that should his removal occur, the appellant waives all appeal rights including those under the negotiated grievance procedures. IAF, Tab 4 at 25.

*Bahrke*, [98 M.S.P.R. 513](#), ¶ 12.  The fact that an appellant must choose between two unpleasant alternatives, such as signing the LCA or facing immediate removal, does not render his choice involuntary.  *Id.*

¶13    In the instant case, pursuant to the LCA, a positive drug test was to result in the appellant's removal with no rights to contest the removal to the Board.  IAF, Tab 4 at 24-25.  The appellant acknowledged that he understood these terms.  *Id.* He has provided no evidence to support his bare allegation that he did not comprehend the settlement agreement.  Thus, we find that the appellant has not shown that he involuntarily entered into the agreement.  *See Wade v. Department of Veterans Affairs*, [61 M.S.P.R. 580](#), 584 (1994) (declining to find a settlement agreement invalid where the appellant submitted no evidence showing that he was unable to understand the nature of the agreement).

¶14    We also decline to find that the LCA resulted from duress.  The appellant was merely faced with two unpleasant alternatives and voluntarily chose to sign the LCA rather than be removed.  The fact that he elected to sign the LCA does not render it invalid.

¶15    On petition for review, the appellant alleges that the agency unilaterally created the LCA and exempted his union representative from negotiating the LCA.  PFR File, Tab 1 at 4.  Despite the appellant's allegation that his union did not represent him in securing the LCA, the agreement indicates that he had been represented by a union representative.  IAF, Tab 4 at 25.  Further, his union representative signed the LCA.  *Id.* at 26.

The appellant received consideration under the terms of the LCA.

¶16    Below and on petition for review, the appellant alleges that his waiver of appeal rights is unenforceable because he did not receive any consideration.  PFR File, Tab 1 at 8; *see* IAF, Tab 11 at 4.  We disagree.[5]

---

[5] We modify the initial decision to address this argument.

¶17        To have an enforceable contract, there must be consideration, i.e., performance or a return promise that must be bargained for and does not involve performance of a pre-existing duty. *Black*, 116 M.S.P.R. 87, ¶ 17. In the instant case, per the LCA, the appellant received consideration in the form of an opportunity to demonstrate compliance with the LCA and retain his position. *See* IAF, Tab 4 at 25. He has not alleged that the agency was otherwise obligated to provide him with this opportunity. *See Black*, 116 M.S.P.R. 87, ¶ 19.

The appellant has not shown that the administrative judge was biased against him.

¶18        On petition for review, the appellant argues that the administrative judge "from the outset" found that the Board lacked jurisdiction over his appeal and favored the agency. PFR File, Tab 1 at 3. To prevail on a claim of bias by an administrative judge, an appellant must overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if the administrative judge's comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). Here, the appellant's bare allegations neither overcome the presumption of honesty and integrity nor demonstrate deep-seated favoritism or antagonism.

The appellant has not demonstrated due diligence in obtaining the new evidence he provides on review.

¶19        The appellant provided documents with his petition for review.[6] PFR File, Tab 1 at 10-30. He resubmitted his arguments and affidavits from coworkers that

---

[6] To the extent that the appellant is alleging, for the first time on review, that the agency has retaliated against him for whistleblowing, PFR File, Tab 1 at 7, we have not considered this claim. Allegations of whistleblower reprisal do not provide an independent basis for Board jurisdiction. *See Barrios v. Department of the Interior*, 100 M.S.P.R. 300, ¶ 5 (2005). In order to establish jurisdiction over a whistleblower

he provided below. *Id.* at 10-20; *see* IAF, Tabs 5, 11. Further, he submitted for the first time on review additional affidavits from coworkers, which are all dated September 2014. PFR File, Tab 1 at 21-30.

¶20 Under 5 C.F.R. § 1201.115, the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). Because the appellant does not explain why he did not submit these additional affidavits below, we decline to consider them.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline

---

retaliation claim involving an action that is not otherwise appealable to the Board, an appellant must show, inter alia, that he exhausted his administrative remedies before OSC regarding that claim. *Id.* Because the Board lacks jurisdiction over the appellant's removal and there is no indication that the appellant has exhausted his remedy before OSC regarding his potential whistleblower retaliation claim, we decline to consider it.

and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.